UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN GUTH,

    Plaintiff,

v.     Case No. 2:21-cv-106-JLB-NPM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# ORDER

Plaintiff Brian Guth appeals the Commissioner of Social Security's ("Commissioner") final decision denying his claim for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 1.) The Magistrate Judge issued a Report and Recommendation, recommending that the Court affirm the Commissioner's decision. (Doc. 33.) Upon review of the record, the Report and Recommendation, and Mr. Guth's timely objection (Doc. 34), the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

## BACKGROUND

Mr. Guth applied for disability insurance benefits and supplemental security income. (Doc. 22-3 at 2–3; Doc. 22-5 at 10, 24.) Following a hearing, an administrative law judge ("ALJ") determined that, despite working, Mr. Guth had not engaged in substantial gainful activity since the alleged onset date and that he had severe impairments, including degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine status post L2 fracture, status post

fracture of ulnar and radius of left upper extremity, status post index fingertip amputation, diabetes with neuropathy and retinopathy, hypertension, mild diastolic dysfunction, chronic kidney disease, obesity, anxiety, depression, adjustment disorder, and post-traumatic stress disorder.  (Doc. 22-2 at 20–21.)  The ALJ further found that Mr. Guth did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  (Id. at 23.)   Mr. Guth's residual functional capacity ("RFC") was assessed as follows:

> lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; no operation of foot controls; occasional climbing of ramps or stairs, but no climbing of ladders, ropes, or scaffolds; frequent balancing, stooping, kneeling, and crouching; no crawling; frequent forward, lateral, and overhead reaching with the left upper extremity; frequent handling and fingering; no exposure to hazardous machinery or unprotected heights; able to understand, remember, and carryout simple tasks while maintaining attention and concentration for two hours at a time before requiring a regular scheduled break; no fast-paced production; low stress work defined as only occasional decision-making and only occasional changes in the work setting; and occasional interaction with coworkers supervisors and the public.

(Id. at 29.)  The ALJ concluded that, based on the RFC and vocational expert testimony, Mr. Guth could not perform past relevant work, but could perform other work that exists in significant numbers in the national economy, including as a cleaner, bagger, and sandwich board carrier.  (Id. at 42–43.)  Accordingly, the ALJ determined that Mr. Guth was not disabled, and his claim was denied.  (Id. at 43.)

2

## STANDARD OF REVIEW

A district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). When a party makes a timely and specific objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

In this Social Security appeal, the Court must determine whether the ALJ's decision is "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. The Court may not decide the facts anew, reweigh evidence, or substitute its judgment for the ALJ's. Id. Even where the Court finds that the evidence more likely supports a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence. See Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## DISCUSSION

Mr. Guth raises three objections to the Magistrate Judge's Report and Recommendation, contending that the ALJ (1) erred in finding that Mr. Guth can perform a reduced range of light work; (2) erred in not finding Mr. Guth incapable of performing work successfully and sustainably on a regular basis; and

(3) improperly weighed opinion evidence.  Upon review, Mr. Guth's objections are unpersuasive.

**Objection 1: The ALJ erred in finding Mr. Guth can perform light work.**

Mr. Guth first contends that the ALJ erred in finding that he can perform light work, given a limitation that he could not operate foot controls and evidence indicating that his abilities to stand, walk, lift, and carry are inconsistent with a light work finding.  (Doc. 34 at 2.)  In support, he relies on medical opinions that he could lift no more than 5 pounds with his left hand and that he could stand and/or walk no more than 2 hours in an 8-hour workday and occasionally lift less than 10 pounds.  (Id. at 2–4.)  This contention is unpersuasive.

A claimant's RFC is based on "impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what [the claimant] can do in a work setting."  20 C.F.R. § 404.1545(a)(1).  An ALJ must "assess and make a finding about [the claimant's RFC] based on all the relevant medical and other evidence."  20 C.F.R. § 404.1520(e).  Here, the ALJ limited Mr. Guth to light work with several exertional, postural, manipulative, environmental, and mental limitations.  (Doc. 22-2 at 29.)

As the Magistrate Judge observed, the ALJ properly relied on a vocational expert instead of the "grids" because Mr. Guth's RFC included limitations that affected the occupational base for light work.  (Doc. 33 at 18–21); Bryant v. Comm'r of Soc. Sec., 451 F. App'x 838, 839 (11th Cir. 2012) (noting that an ALJ may rely on

4

a vocational expert's knowledge or expertise).[1] And the hypotheticals posed to the vocational expert included limitations that were incorporated in the RFC. (Doc. 22-2 at 71–75); see Winschel, 631 F.3d at 1180 ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." (quotation omitted)).

Accordingly, the "light work" classification is not inconsistent with the limitations as to foot controls, lifting, and standing and/or walking; rather, the range of light work was circumscribed by these limitations. In other words, an inability to operate foot controls does not preclude a finding that a claimant can otherwise perform light work. Indeed, as the Magistrate Judge observed, "[r]elatively few light jobs are performed in a seated position, but when a light job involves sitting most of the time, it usually involves some pushing and pulling of arm-hand or leg-foot controls at greater exertion levels (weight) than sedentary work," and "SSR 83-10 does not state that a significant number of light jobs require the ability to operate foot controls, nor has Guth cited any authority stating as much." (Doc. 33 at 20); see SSR 83-10, 1983 WL 31251, *5 (1983).

In assessing Mr. Guth's work-related limitations and the RFC, the ALJ found the medical opinions of Tracy Vo, D.O., Camilo Guzman, M.D., and Eva Smidova, Ph.D., LMFT, unpersuasive. To properly evaluate opinion evidence, an ALJ must

---

[1] Mr. Guth acknowledges that "[i]f the RFC is accepted as the ALJ found it, it is correct that reliance on a vocational expert . . . rather than the grids might be appropriate." (Doc. 34 at 2.) Although Mr. Guth argues the ALJ should have found him limited to sedentary work and applied the grids, substantial evidence supports the ALJ's finding of a reduced range of light work.

"articulate how [he] considered the medical opinions" and "how persuasive [he] find[s] all of the medical opinions." 20 C.F.R. § 404.1520c(a), (b). The ALJ should consider the following factors: (1) supportability; (2) consistency; (3) the relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how the factors were considered in reaching his decision. 20 C.F.R. § 404.1520c(b)(2).

As will be further explained as to Objection 3, the Magistrate Judge thoroughly and correctly addressed Mr. Guth's various challenges to the ALJ's determination that Dr. Vo's, Dr. Guzman's, and Dr. Smidova's opinions were unpersuasive. (Doc. 33 at 14–18.) Notably, the ALJ found the opinions inconsistent with, among other things, Mr. Guth's activities of daily life. See Graham v. Apfel, 129 F.3d 1420, 1422–23 (11th Cir. 1997) (upholding ALJ's determination that claims of impairment were inconsistent with claimant's ability to care for herself and manage daily activities).

In summary, the ALJ did not err in finding Mr. Guth capable of light work with additional limitations, and the RFC was supported by substantial evidence.

**Objection 2: The ALJ erred in failing to find Mr. Guth incapable of performing work successfully and sustainably on a regular basis.**

Mr. Guth next contends that the ALJ erred in finding that he could perform work successfully and sustainably on a regular basis. (Doc. 34 at 4–8.) Specifically, Mr. Guth asserts that the ALJ did not include relevant limitations in the RFC and relies on physician opinions that he was, among other things, moderately limited in

6

abilities to maintain attention and concentration for extended periods, work in coordination with or proximity to others, complete a normal workday and workweek without interruptions, and perform at a consistent pace without an unreasonable number and length of rest periods. (Id. at 5–6; see, e.g., Doc. 22-3 at 55–56.) This contention is also unpersuasive.

In support, Mr. Guth relies on opinions of Nicole Mannis, Psy. D. and Dr. Smidova, purportedly demonstrating that he is unable to work successfully and sustainably on a regular basis. (Doc. 31 at 39–42.) As the Magistrate Judge noted, however, the ALJ found Dr. Smidova's opinion unpersuasive. (Doc. 22-2 at 40–41.) As to Dr. Mannis, Mr. Guth argues that the ALJ was required to include in the RFC moderate limitations reflected in the opinion, which the ALJ deemed persuasive. (Id. at 39.) However, an ALJ may not defer to a prior administrative medical finding, and a "persuasive" opinion is not necessarily controlling. See 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ is "responsible for reviewing the evidence and making administrative findings of fact and conclusions of law." 20 C.F.R. §§ 404.1513a(b); Beegle v. Soc. Sec. Admin., Comm'r, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's [RFC] is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."). In short, the ALJ was not required to include in the RFC limitations potentially supported by Dr. Smidova's unpersuasive opinion nor every limitation in Dr. Mannis's opinion.

Nevertheless, the ALJ did include mental limitations in Mr. Guth's RFC, accounting for attention, concentration, and social limitations. (Doc. 22-2 at 29.) In doing so, the ALJ acknowledged a variety of evidence relating to Mr. Guth's mental health, including Dr. Mannis's explanation that Mr. Guth's mental health issues would not preclude the completion of simple tasks, and that he was able to understand, retain, and carryout simple instructions, consistently and usefully perform routine tasks on a sustained basis with normal supervision, and cooperate adequately with others in completing simple tasks and transactions in a low social demands setting. (Id. at 29, 39); see also Duffy v. Comm'r of Soc. Sec., 736 F. App'x 834, 836–37 (11th Cir. 2018) (finding substantial evidence supported RFC for simple, unskilled work with brief, occasional contact with others where symptoms were well managed and improved with counseling and medication); Riggs v. Soc. Sec. Admin., Comm'r, 522 F. App'x 509, 511 (11th Cir. 2013) (same, where evaluation showed mood and affect were stable and claimant possessed cognitive ability to understand, remember, and follow through with instructions and interact with co-workers).

In summary, the ALJ adequately accounted for Mr. Guth's conditions in the RFC, and the RFC was supported by substantial evidence.

**Objection 3: The ALJ improperly weighed opinion evidence.**

Lastly, Mr. Guth contends that the ALJ improperly weighed and rejected opinion evidence of Dr. Vo, Dr. Guzman, and Dr. Smidova relating to Mr. Guth's work-related limitations. (Doc. 34 at 8–12.) Contrary to Mr. Guth's assertions,

8

however, the ALJ did not "substitute his own medical judgment for that of the medical experts," and this final contention is unpersuasive. (Id. at 11.)

In finding the opinions at issue unpersuasive, the ALJ applied the correct legal standards and articulated reasons to support his conclusions. (Doc. 22-2 at 40–41).[2] First, Mr. Guth challenges the ALJ's finding that Dr. Vo's "disabling opinion" was "markedly inconsistent" with her subsequent medical clearance of Mr. Guth to return to work. (Doc. 34 at 9; Doc. 22-2 at 40.) Mr. Guth observes that he was only cleared to return to part-time work which, he contends, is not inconsistent with an inability to return to full-time work. (Doc. 34 at 9.) Further, he argues that Dr. Vo's opinion is not inconsistent with a medical opinion of Dr. Athanassios Drimoussis that Mr. Guth was generally "doing well," and with Mr. Guth's activities of daily living. (Id. at 9–10.) However, as the Magistrate Judge correctly noted, the

---

[2] As the Magistrate Judge noted, Mr. Guth raised several challenges to the ALJ's determination that the medical opinions are unpersuasive. (Doc. 33 at 14.) In his objections, Mr. Guth appears to have winnowed his challenges. In all events, upon review, none warrant overturning the ALJ's decision.

On this point, Mr. Guth also challenges the Magistrate Judge's purported recitation of the harmless error standard, but the Magistrate Judge never expressly stated he was applying such a standard. (Doc. 34 at 8–9.) Instead, the Magistrate Judge merely noted that "[e]ven if the court were to agree with Guth that certain reasons the ALJ provided were somehow incorrect, the ALJ provided other reasons Guth does not attack, and that would still be enough to meet the substantial evidence standard." (Doc. 33 at 14.) This is unlike the one Eleventh Circuit case Mr. Guth relies upon, Mills v. Astrue, 226 F. App'x 926, 931 (11th Cir. 2007), in which there was no substantial evidence to support an ALJ's various reasons for discounting a medical opinion, and the ALJ did not address or explain the weight given to other opinions which might have supported the ALJ's decision. In all events, Mr. Guth does not explain how any incorrect application of the harmless error doctrine should affect this Court's analysis where, notwithstanding Mr. Guth's failure to challenge all the ALJ's reasons to reject opinion evidence, there is substantial evidence supporting the ALJ's decision and no error shown.

ALJ considered all relevant record evidence, and Mr. Guth provides no support for his position that Dr. Vo's clearance for him to return to specifically part-time work undermines the ALJ's inconsistency finding. (Doc. 33 at 15.) To the contrary, after finding that Mr. Guth could perform less than a sedentary range of work and would require frequent breaks during the workday, Dr. Vo medically cleared Mr. Guth to work, thereby undermining the prior opinion. (Doc. 22-2 at 40); see 20 C.F.R. §§ 404.1520c(c). And the ALJ did not misrepresent the record or fail to evaluate evidence as to Dr. Drimoussis's treatment notes. (Doc. 22-2 at 40–41.) Nor did the ALJ misrepresent the record as to Mr. Guth's activities of daily living which, as noted, undermine more restrictive work-related limitations. (Id. at 30, 36–41.)

Mr. Guth next argues that, contrary to the ALJ's findings, Dr. Guzman's opinion was not "time-limited" or inconsistent with Mr. Guth's activities of daily living. (Doc. 34 at 10.) Mr. Guth's contention as to his activities of daily living is unpersuasive for the reasons noted above. As to the challenge to the "time-limited" nature of Dr. Guzman's opinion, Mr. Guth seems to take issue with the ALJ's finding that the "opinions are not of a sufficient duration to be persuasive under our regulations as they count for a period of recovery following surgery and not a permanent restriction or limitation as evidenced by the claimant's rapid increase in weight restriction over a brief period with no further treatment by Dr. Guzman." (Doc. 22-2 at 41.) Mr. Guth cites no authority supporting the proposition that the opinion must state that it is "time-limited" to support such a finding, and as the Magistrate Judge and ALJ observed, it was proper to view Dr. Guzman's opinion in

10

the context of a period of recovery following surgery.  (Doc. 33 at 16–17; Doc. 22-2 at 41; Doc. 22-7 at 642); see 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

Finally, as to Dr. Smidova, Mr. Guth challenges the ALJ's finding that her psychological opinions were inconsistent with findings of his physicians and with activities of daily living.  (Doc. 34 at 10.)  The Magistrate Judge noted that in the joint memorandum Mr. Guth merely recited the ALJ's reasons for discounting Dr. Smidova's opinion without expressly challenging them, and therefore forfeited any related arguments.  (Doc. 33 at 17.)  In all events, again, Mr. Guth's contention as to his activities of daily living is unpersuasive for the reasons noted above.  And Mr. Guth identifies no error in the ALJ deeming Dr. Smidova's opinions inconsistent with other evidence in the record, including physician opinions.  (Doc. 22-2 at 40–41.)  Indeed, the ALJ observed that Dr. Vo generally found normal psychiatric findings on examination and that Dr. Drimoussis regularly documented that Mr. Guth was in a good mood with no depression.  (Id.)

Accordingly, as with all other opinions, the ALJ adequately considered Dr. Smidova's opinion and articulated his reasons in finding it unpersuasive.  In summary, the ALJ did not improperly weigh opinion evidence, and Mr. Guth's RFC was supported by substantial evidence.

## CONCLUSION

After an independent review of the record, it is **ORDERED**:

1. Mr. Guth's objections to the Magistrate Judge's Report and Recommendation (Doc. 34) are **OVERRULED**.

2. The Report and Recommendation (Doc. 33) is **ADOPTED** and made part of this Order.

3. The decision of the Commissioner is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

4. The Clerk is **DIRECTED** to enter judgment accordingly, to terminate any pending motions and deadlines, and to close the file.

**ORDERED** in Fort Myers, Florida, on September 9, 2022.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE